UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TINA S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-547 BAT <br><br> **ORDER REVERSING AND REMANDING** |

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found depression, anxiety, and migraine headaches are severe impairments; plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels subject to numerous limitations; plaintiff has no past relevant work experience but is not disabled because she can perform jobs in the national economy. Tr. 26-37. Plaintiff contends the ALJ erroneously rejected limitations assessed in 2016 by examining doctor Luci Carsten, Ph.D., and the Court should therefore remand the matter for further proceedings. Dkt. 12.

As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

ORDER REVERSING AND REMANDING - 1

**DISCUSSION**

Plaintiff contends the ALJ misevaluated Dr. Carstens' opinions. The ALJ must provide clear and convincing reasons to reject an uncontradicted medical opinion, or specific and legitimate reasons where contradicted. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJ must do more than offer his or her conclusions; the ALJ must also explain why his or her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The opinion of a non-examining doctor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

The ALJ noted Dr. Carstens evaluated plaintiff in January and December 2016, and opined plaintiff's mental and physical issues would cause plaintiff to have problems with timeliness, and cause marked difficulty adapting to changes in a routine work setting, interpersonal relationships, and completing a normal work day. Tr. 34.

The ALJ rejected Dr. Carstens' opinions first finding them "inconsistent with the longitudinal treatment notes." *Id.* The ALJ found plaintiff's treatment notes regularly indicate plaintiff has normal mood/affect, normal thoughts/process/orientation/motor activity and cognition/insight/judgment. *Id.* The ALJ erred. An ALJ may reject a medical opinion that is inconsistent with the medical record. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999). Here, however, there is no inconsistency as Dr. Carstens also found plaintiff was alert, responsive, cooperative, had normal speech and thought processes, was fully oriented, had sufficient memory, fund of knowledge and concentration and adequate insight and judgment. *See e.g.* Tr. 504-505.

The ALJ's reliance on the notes above do not address the basis of Dr. Carstens' opinions. Dr. Carstens opined plaintiff can complete simple repetitive tasks; can follow complex instructions; and can perform routine tasks without special supervision. *Id.* at 506. The limitations Dr. Carstens assessed do not flow from plaintiff's cognitive limitations. Rather the doctor diagnosed plaintiff with generalized anxiety disorder; post-traumatic stress disorder, chronic; major depressive disorder, severe without psychosis; and other specified personality disorder with avoidant and personality traits. *Id.* Dr. Carstens opined these mental health problems would affect the timeliness and quality of plaintiff's work; plaintiff's ability to adapt to changes in routine work and incorporate new funtions or processes; and plaintiff's interpersonal relationships. *Id.*

Second, the ALJ rejected Dr. Carsterns' opinions as inconsistent with the nature of plaintiff;'s treatment and how her treatment notes focused on situational stressors instead of dealing with plaintiff's symptoms. Tr. 34. Substantial evidence does not support the ALJ's determination. Plaintiff's treatment notes indicate plaintiff's depression, anxiety and PTSD are long-standing impairments. The record shows plaintiff received mental health treatment at Sunrise Services. *See* Tr. 515-655. The ALJ did not explain why plaintiff's treatment undercut Dr. Carstens' opinions. Conclusory reasons do not justify an ALJ's rejection of a medical opinion. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.1988). The ALJ did note "the treatment notes mostly focus on situational stressors instead of dealing with [plaintiff's] symptoms." Tr. 34. This is inaccurate. While the treatment notes documented situational stressors, the notes do not show plaintiff has no mental problems, and is simply stressed by her situation. Rather the notes show plaintiff has preexisting mental health problems such as depression, anxiety and PTSD; that stressors do not make these conditions better; and that

plaintiff struggles with these mental conditions whether there are stressors in her life of not. Plaintiff's providers also documented how they observed plaintiff's anxiety and depression and created a treatment plan or contract with plaintiff.

Third, the ALJ found Dr. Carstens' opinions "are inconsistent with plaintiff's activities." Tr. 34. The ALJ found the evidence shows plaintiff can interact cooperatively with her doctors, can maintain relationships with family and a few friends, cared for her daughter, works for a roommate in exchange for rent, and traveled by train to Oregon, Las Vega and California. *Id.* The ALJ erred. These activities involve small groups of family or friends, not workplace activities. Plaintiff also has never indicated that she cannot travel. Rather she indicates travel is difficult due to anxiety. Additionally, Dr. Carstens did not opine plaintiff was non-functional, and could not travel or interact with others at all. Rather the doctor opined plaintiff's limitations flow from mental decompensation and deterioration; that plaintiff cannot sustain work effort, cannot maintain emotional stability and cannot sustain effective work relationships with co-workers and others in the workplace. *See e.g.* Tr. 506. Hence while plaintiff can take a trip to Oregon, or be with a few family members or help her roommate, she lacks the ability sustain workplace activities that must be completed consistently both on a daily and monthly basis.

Fourth, the ALJ rejected Dr. Carstens' opinion as inconsistent with plaintiff's formal mental status testing. Tr. 34. Plaintiff testing showed some problems with serial 7's but also showed she was alert, oriented, had logical thought process, sufficient recall, etc. Tr. 34. However, as discussed above, Dr. Carsten did not opine plaintiff's limitations are caused by cognitive problems, but instead found they are caused by her mental health conditions: generalized anxiety disorder; post-traumatic stress disorder, chronic; major depressive disorder,

severe without psychosis; and other specified personality disorder with avoidant and personality traits.

Fifth, the ALJ found Dr. Carsten relied heavily upon plaintiff's unreliable "self-report." Tr. 34. Substantial evidence does not support the finding. Dr. Carsten repeatedly discussed her personal observations and indicated based upon clinical findings, plaintiff has significant functional impairment. There is no evidence Dr. Carsten's opinion is simply a rehash of what plaintiff told her or that the doctor failed to apply professional standards in evaluating plaintiff and arriving at her conclusions. When a medical opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

And lastly the ALJ discounted Dr. Carstens' opinion because the doctor indicated plaintiff's limitations were due in part on plaintiff's physical problems which the ALJ found was outside the doctor's area of expertise. This is a conclusory statement and without more is not a sufficient basis to reject Dr. Carsten's opinions. A claimant's physical and mental problems can be intertwined causing limitations from the combined impact of both problems. The ALJ may not therefore automatically dismiss the opinion of a psychologist who indicates a claimant's limits flow from physical and mental problems. *See Farris v. Barnhart*, 147 Fed. Appx. 638, 639 (9th Cir. 2005) (ALJ erred in rejecting psychologist's opinion based upon the combined impact of back pain and mental impairment which the ALJ found was outside the doctor's expertise.).

**CONCLUSION**

The Court **REVERSES** the Commissioner's final decision **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Plaintiff raises one ground for relief and the matter is remanded limited to that ground. On remand, the ALJ shall reassess the opinions of Dr. Carstens, develop the record and redetermine plaintiff's RFC as necessary and proceed to step-five as appropriate.

DATED this 20th day of November, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge